

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 13, 1939

Mr. T. O. Walton, President
Agricultural and Mechanical College
College Station, Texas

Dear Mr. Walton:

Opinion No. O-470
Re: Persons employed by A. & M.
College, whose duties include
operating College owned trucks,
should obtain "chauffeur's
licenses.

This is in reply to your letter of March 10, 1939, which reads as follows:

"The College has a number of employees whose duty it is to operate trucks or other motor vehicles owned by the College.

"Will you please advise us whether these employees are required to hold a chauffer's or driver's license in order to operate a College-owned truck or other motor vehicle on the public roads or state highways." *yes*

A "chauffeur" is defined in paragraph (g) of Section 1 of Article 6687a of the Revised Civil Statutes of Texas (as amended, Acts 1937, 45th Legislature, p.752, ch. 369, par. 1-A) as follows:

"Chauffeur. Any person who operates a motor vehicle for any purpose, whole or part time, as an employee, servant, agent, or independent contractor, whether paid in salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease."

An "operator", commonly referred to as a "driver" is defined in paragraph (f) of the same Act as follows:

"'Operator': Every person, other than a chauffeur who is in actual physical control of a motor vehicle upon a highway."

Section 2 of the Act says:

"Operators and Chauffeurs must be Licensed:
On and after April 1, 1936, no person except
those expressly exempt under this Act, shall
drive any motor vehicle upon a highway in this
State unless such person upon application has
been licensed as an operator or chauffeur by
the department under the provisions of this Act."

Section 3 of the Act names those persons who
are exempt from the payment of "chauffeurs" and "operators"
licenses; but we do not find any words in the statute that
could be construed as exempting the employees of the Agri-
cultural and Mechanical College of Texas from payment of
such licenses.

As the legislature has defined the word "chauffeur"
that definition will control regardless of the meaning of
the word in common parlance. Hurt v. Cooper, 130 Tex. 433,
110 S. W (2d) 896; 39 Tex. Jur. 200.

According to your letter the persons you ask
about operate motor vehicles, and therefore they come with-
in the statutory definition of a "chauffeur" if they oper-
ate them "as an employee, servant, agent, or independent
contractor". In Attorney General's Opinion No. 0-05, dated
January 5, 1939, we held that a public officer (in that
case a County Commissioner) was not an employee, servant,
agent, or independent contractor, and therefore did not
have to obtain a chauffeur's license. But, the persons
you ask about (who you refer to as employees) are clearly
not public officers, and can only be considered as employees.
They could not be public officers under the definition stat-
ed in the case of Robertson v. Ellis County, (Tex. Civ.App.)
84 S. W. 1097, as follows:

"There is quite a material difference be-
tween a public office and a public employment.
As said by Chief Justice Marshall, 'Although
an office is an employment, it does not follow
that every employment is an office.' Mr. Mechem,
in his work on Public Officers, says: 'The most
important characteristic which distinguishes
an office from an employment or contract is
that the creation and conferring of an office
involves a delegation to the individual of some
of the sovereign functions of government, to
be exercised by him for the benefit of the pub-
lic; that some portion of the sovereignty of
the country, either legislative, executive, or

judicial, attaches for the time being, to be
exercised for the public benefit. Unless the
powers conferred are of this nature, the in-
dividual is not a public officer.'"

The same rule is adhered to in Commissioner's Court of
Limestone County v. Garrett, (Tex. Comm. App.) 236 S. W.
970; and it is likewise stated in 34 Tex. Jur. 325.

You have not given us any detailed facts about
the persons you ask about, but we feel sure that they are
employees within the definition of the word in Webster's
New International Dictionary, 2nd Ed., as follows:

"One employed by another; one who works
for wages or salary in the service of an em-
ployer."

The fact that the College owns the trucks in
question is immaterial. There is nothing in the statute
that would permit an exemption because of that fact. On
the subject of chauffeur's licenses in 42 Corpus Juris
742 it is said:

"The license contemplated is personal to
the particular person who operates the motor
vehicle and must be obtained by and issued to
him,***."

In paragraph (b) of Section 3 of the Act it
specifically exempts "every person in the service of the
United States ... when operating a motor vehicle in such
service." But, there is no exemption for such persons as
State College employees or persons driving College owned
trucks. We think the fact that some persons are exempt-
ed and these particular ones are not exempted indicates
an intention to include these particular ones among those
who must obtain the license

Our answer to your enquiry is that the persons
you ask about, who work for Agricultural and Mechanical
College of Texas, are required under the law to obtain



Mr. T. O. Walton, April 13, 1939, Page 4

a chauffeurs license in order to operate a College owned truck.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Rotsch*

Cecil C. Rotsch
Assistant

CCR:LN

APPROVED:

ATTORNEY GENERAL OF TEXAS